**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 29, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 03-30300
Summary Calendar

KWEI L. LEE,

Plaintiff-Appellant,

VERSUS

ADVANCED FRESH CONCEPTS CORP.,

Defendant-Appellee,

Appeal from the United States District Court
for the Eastern District of Louisiana
m 02-CV-3830

Before SMITH, BARKSDALE, and STEWART,
   Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited (continued...)

Kwei Lee appeals the denial of her motion for attorney's fees she sought for er removal. 28 U.S.C. § 1447(c). Finding no abuse of discretion, *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000), we affirm.

---

(...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

Lee sued Advanced Fresh Concepts Corporation ("AFC") for breach of contract in Louisiana city court, which has jurisdiction over controversies involving less than $20,000. After discovery, Lee concluded that her damages approached $200,000. In September 2002, she sent a demand letter to AFC offering to settle for $100,000. She also wrote that if AFC did not settle, she would transfer the case to state district court, which has general jurisdiction. When AFC did not respond, Lee sent a follow-up letter in October, then transferred the case in early December. Three weeks later, AFC removed to federal district court based on diversity of citizenship.

Lee moved to remand. The original complaint, necessarily limited to $20,000, did not satisfy the $75,000 amount-in-controversy requirement. 28 U.S.C. § 1332(a). Thus, "the case stated by the initial pleading [was] not removable." 28 U.S.C. § 1446(b). But, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of other paper from which it may first be ascertained that the case . . . has become removable." *Id.* "[A] post-complaint letter, which is not plainly a sham, may be 'other paper' under § 1446(b)." *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (footnote omitted). The court therefore held that the case became removable when Lee sent the demand letter, but the court remanded because AFC's removal three months later was untimely.

Lee then moved for attorney's fees. The court denied the motion, concluding that AFC's "removal rest[ed] on a colorable claim regarding the state of the facts and the law." Lee appeals that order but not the remand order.

Where a court remands, "[t]here is no automatic entitlement to an award of attorney's fees. Indeed, the clear language of the statute makes such an award discretionary." *Valdes*, 199 F.3d at 292. A court should not award fees when "the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal. *Id.* at 293.

The district court could have concluded that the removal lacked objectively reasonable grounds. This case is nearly indistinguishable from *Addo*, 230 F.3d at 762, in which we held that the plaintiff's post-complaint demand letter was "other paper" and that the defendant did not timely remove within thirty days of receiving the letter. If anything, Lee's detailed and very reasonable three-page demand letter presented a stronger basis for removal than did the letter in *Addo*, which contained two sentences and demanded fifty times the defendant's offered settlement. *Id.* at 760 n.1.

AFC tries and fails to distinguish *Addo* by asserting that *Addo* did not begin in a state court of limited jurisdiction. That may or may not be trueSSthe *Addo* opinion does not specifySSbut we cannot see what difference it makes. Lee stated in the letter that she intended to transfer the case unless it was settled. Moreover, she sent the follow-up letter within the original thirty-day window.

AFC also complains of being put between the rock of a premature removal and the hard place of an untimely removal. We do not sympathize. Our caselaw permits removal based on "other paper" even without a formally amended complaint,[1] just as it protects defen-

---

[1] *See, e.g.*, *S.W.S. Erectors v. Infax, Inc.*, 72
(continued...)

dants from a fee award where the plaintiff is partially responsible for an improper removal.[2] In short, AFC should have heard § 1446(b)'s thirty-day clock ticking when it received Lee's demand letter.

Nevertheless, we are reluctant to reverse such a highly discretionary order. "Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them." *Valdes*, 199 F.3d at 292. Although AFC has not persuasively distinguished *Addo*, it at least attempted a distinction rather than, say, arguing that *Addo* was wrongly decided.[3]

Furthermore, we acknowledge that *Addo* invited this strategy: It held that a good-faith post-complaint letter "*may be* 'other paper' under § 1446(b)," not that such a letter necessarily *is* "other paper." AFC smartly seized this small difference and offered genuine if unsuccessful distinctions.

The court reasonably could have ruled either way on Lee's motion, but § 1447(c) is discretionary, and the exercise of that discretion rests with the district court. We therefore will not reverse its decision that AFC had objectively reasonable grounds for the removal and for its concomitant denial of Lee's motion for attorney's fees.

---

(...continued)
F.3d 489, 494 (5th Cir. 1996).

[2] *See, e.g.*, *Avitts v. Amoco Prods. Co.*, 111 F.3d 30, 32-33 (5th Cir. 1997).

[3] *See Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001) (affirming award of attorney's fees under § 1447(c) where defendant only argued that the controlling case was wrongly decided).

AFFIRMED.

3