United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

**Revised September 16, 2003**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

————————————————

No. 02-31188

————————————————

RALPH MORRIS, et al.,

Plaintiffs,

RALPH MORRIS,

Plaintiff-Appellant,

versus

T E MARINE CORPORATION, et al.,

Defendants,

SUBSEA INTERNATIONAL INC, incorrectly sued as Sub Sea International, Inc.; GLOBAL INDUSTRIES LTD, incorrectly sued as Global Industries,

Defendants-Appellees.

————————————————————————————————

Appeal from the United States District Court
For the Eastern District of Louisiana

————————————————————————————————

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

After a tortured procedural history, this case purports to present issues of tort and admiralty

law. However, given the untimeliness of this appeal, we do not reach those issues. We hold that the

district court's remand order of June 8, 2001, following its May 21, 2001, order granting summary

judgment to SubSea International ("SubSea") was a final appealable order. The failure of Plaintiff-Appellant Ralph Morris ("Morris") to appeal that order to this Court within the prescribed time period constitutes a waiver by Morris of his right to appeal, hence we AFFIRM .

## I. FACTS AND PROCEEDINGS

A. Procedural History

The procedural history of this case reads like a nightmarish civil procedure exam. In July 1994, Morris filed suit ("Original Petition") in the Civil District Court for the Parish of Orleans against T E Marine Corp. ("TE Marine"), alleging that TE Marine's negligence as the owner and/or operator of a ship contributed to an injury he sustained on a fixed platform located in the Gulf of Mexico. Morris did not plead any basis for the court's jurisdiction and did not assert that any particular law applied to his claims.

In early 1995, Morris supplemented his petition twice, first to add his then-employer, Murphy Exploration and Production Company ("Murphy"), as a defendant ("First Amendment") and second, to add a company that had participated in repairing hurricane damage to a fixed platform's boat landing deck and stairwell, Gulf Inland Contractors ("Gulf"), as a defendant ("Second Amendment"). Morris subsequently settled the claims against TE Marine and Murphy, leaving Gulf as the sole defendant.

In April 1998, four and one-half years after his alleged injury, Morris filed a Third Supplemental and Amending Petition ("Third Amendment") to add SubSea International, Inc. ("SubSea"), which had installed bumper tires to the platform's boat dock, as a defendant.[1] Morris alleged the improper installation of the bumper system allowed the bumper to be propelled

---

[1] Morris also added SubSea's successor, Global Industries Ltd, as a defendant.

dangerously upwards into the handrail when struck by the boat. The Third Amendment also alleged a claim under the Jones Act, 46 U.S.C. app. § 688 (2003), against Murphy, but asserted that the case was properly in state court (and *not* removable to federal court) under the "savings to suitors" clause, 28 U.S.C. § 1333 (2003).[2] The Third Amendment otherwise did not specify the laws under which the case was brought.

On June 18, 1999, SubSea filed a Peremptory Exception of Prescription in state court, seeking dismissal of Morris's claim. SubSea argued that general maritime law applied to Morris's suit against it, given the situs and the maritime nexus of Morris's alleged accident. Specifically, SubSea urged the court to apply the three-year statute of limitations under the Uniform Statute of Limitations for Maritime Torts ("USLMT"), 46 U.S.C. app. § 763a (2003), because Morris filed suit against SubSea more than four years after the accident.

Morris then filed an Opposition to Peremptory Exception of Prescription, asserting specifically (and for the first time) that his tort occurred on the outer continental shelf and that, as a result of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331-56 (2003), the law of the adjacent state (Louisiana) applies. Morris argued that his suit against SubSea was not prescribed because, under Louisiana law, a suit against any party solidarily liable for injury interrupts prescription with respect to any other solidary obligor.

---

[2] "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

28 U.S.C. § 1333.

3

On May 22, 2000, the state court, apparently accepting Morris's arguments and without explanation, denied SubSea's Peremptory Exception of Prescription. Within two days, Morris filed a Fourth Supplemental and Amending Petition ("Fourth Amendment") asserting jurisdiction and claims under OCSLA, deleting all claims of seaman status, and attempting to withdraw his claim under the Jones Act (which presumably had precipitated the 1995 settlement with his then-employer).

Based on this Fourth Amendment, which specifically alleged OCSLA situs and applicability, and based on the state court's implicit finding that Morris's claims were founded on OCSLA, SubSea removed the action on June 9, 2000, pursuant to 28 U.S.C. § 1441 (2003). Morris moved to remand, alleging removal was untimely.

The district court denied remand, finding that the case became removable, at the earliest, on May 22, 2000—the date of the state court's denial of SubSea's prescription exception which implicitly accepted Morris's argument that his claim was governed by OCSLA. The court concluded that SubSea's removal on June 9, 2000, came before the expiration of the 30-day time limit for removal. *See* 28 U.S.C. § 1446(b) (2003) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .").

SubSea subsequently filed a motion for summary judgment, contending that because admiralty jurisdiction applied, Morris's claims against SubSea were barred by the three-year statute of limitations for maritime torts. The district court agreed and dismissed Morris's complaint against SubSea as time-barred. The court specifically rejected Morris's contention that the law of the case

4

doctrine precluded the court's revisiting the statute of limitations issue previously decided by the state court.

After SubSea was dismissed from the case, Morris filed a motion to remand without providing notice to SubSea. The sole remaining defendant, Gulf, did not oppose remand, which was ordered on June 8, 2001. After remand, Morris ultimately settled with Gulf, and the state court entered a corresponding order of dismissal.

To summarize: Morris settled claims against TE Marine, Murphy, and Gulf. Morris's claim against SubSea was the only claim to have been adjudicated—the federal district court granted summary judgment in favor of SubSea because the claims were time-barred.

Without giving notice to SubSea, Morris appealed the adverse federal court summary judgment—to a *state* appellate court (the Louisiana Fourth Circuit Court of Appeal). SubSea learned of the case when someone in the clerk's office of the appellate court made a status inquiry over the telephone. SubSea immediately removed the case, for a second time ("Second Removal"), based on OCSLA and the All Writs Act, 28 U.S.C. § 1651(a) (2003). Morris moved for remand; a different district judge denied the remand and ultimately entered judgment in favor of SubSea, dismissing Morris's claims as time-barred. Morris appeals.

While this appeal has been pending, the state appellate court has in turn stayed the appeal, demanded updates from the parties on the proceedings in federal court, threatened to hold the attorneys in contempt for failing to provide updates, and lifted the stay.

## II. STANDARD OF REVIEW

This Court reviews decisions not to remand *de novo*. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2002). We may address our jurisdiction to hear appeals *sua sponte*. *Steel Co. v.*

5

*Citizens for a Better Env't*, 523 U.S. 83 (1998)*; Crone v. Cockrell*, 324 F.3d 833, 836 (5th. Cir 2003).

### III. DISCUSSION

A. The denial of Morris's motion to remand the Second Removal

Morris challenges SubSea's Second Removal of the state court action to federal district court. When it learned—from the state appellate court itself—that Morris had appealed to the state appellate court, SubSea took the unusual step of removing to the federal district court.[3] SubSea asserts the Second Removal was proper under two separate statutes, the All Writs Act, 28 U.S.C. § 1651, and OCSLA, 43 U.S.C. § 1349.

(1) Removability under the All Writs Act, 28 U.S.C. § 1651

The Supreme Court's *Syngenta* case, decided last term, forecloses the argument that the All Writs Act provides original jurisdiction, and hence a basis for removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, __, 123 S. Ct. 366, 369-70 (2002) (holding that the All Writs Act does not provide an independent jurisdictional basis for removal). Hence, removal under the All Writs Act is not available.

(2) Removability based on OCSLA, 43 U.S.C. § 1349

The general removal statute, 28 U.S.C. § 1441, has two relevant requirements for removal. First, only civil actions "of which the district courts . . . have original jurisdiction, may

---

[3] It is not clear why SubSea removed this case instead of simply seeking an injunction in district court in order to "protect and effectuate" the district court's earlier judgment. *See* Anti-Injunction Act, 28 U.S.C. § 2283 (2003) ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or *to protect or effectuate its judgments*."(emphasis added)); *see also* 17 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4226 (2d ed. 1988).

be removed." 28 U.S.C. § 1441(a). Second, civil actions founded on a claim or right "arising under the Constitution, treaties or laws of the United States" are removable without regard to citizenship. 28 U.S.C. § 1441(b). The removal of all other actions turns on the citizenship of defendants. *Id.*

a. Removal requirement of § 1441(a)

OCSLA provides:

[T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf . . . .

43 U.S.C. § 1349(b)(1).

In light of Morris's claims under OCSLA, SubSea argues OCSLA's grant of jurisdiction satisfies the first requirement of the removal statute—"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ." 28 U.S.C. § 1441(a).

Morris contends that an Act of Congress *has* "otherwise expressly provided" that his case is not removable. The statute granting district courts original jurisdiction over admiralty and maritime cases provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

7

28 U.S.C. § 1333. Morris asserts that the "savings to suitors" clause of the statute prohibits removal of all cases brought in state court that contain claims under general maritime law. This is not entirely correct.

General maritime claims saved to suitors are, of themselves, not removable. *See*, *e.g.*, *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959) (discussing non-removability of "savings to suitors" claims on the grounds that, because maritime claims do not arise under the laws or Constitution of the United States, they do not present federal questions). Nevertheless, the "savings to suitors" clause "does not guarantee [plaintiffs] a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty." *Tenn. Gas Pipeline v. Houston Cas. Ins.*, 87 F.3d 152, 153 (5th Cir. 1996) (internal citations omitted, emphasis in original). As a result, removal is appropriate if federal jurisdiction exists under a separate statute. *Id.* OCSLA provides just such a "basis for federal jurisdiction other than admiralty." *See*, *e.g.*, *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 492 (5th Cir. 2002) (concluding § 1349(b) of OCSLA grants jurisdiction).

b. Removal requirements of § 1441(b)

The removal statute places an additional requirement for removal in § 1441(b). Paragraph (b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action* shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*.

8

28 U.S.C. § 1441(b) (emphasis added). SubSea is a foreign (*i.e.* non-Louisiana) corporation.

Thus, the requirement in the second sentence of § 1441(b) is satisfied, and removal was proper

under OCSLA. The denial of Morris's remand motion is therefore AFFIRMED .

B. The June 8, 2001, order to remand

Though not addressed by the parties until this Court requested additional letter briefing,

the finality of the June 8, 2001, order to remand is the dispositive issue in this appeal. The

parties' failure to raise this issue is immaterial since, if necessary, we can examine *sua sponte* our

jurisdiction to hear appeals. *Crone*, 324 F.3d at 836.

Neither party explains why this appeal is timely, or more critically, why the appeal of the

second removal succeeds in bringing to this Court issues beyond those directly related to the

propriety of the second removal. It is true that appeal of the district court's grant of summary

judgment on May 21, 2001, was not immediately available; the judgment was not "final" because

one party, Gulf, remained in the suit after the summary judgment. *See* FED. R. CIV. P. 54(b). It is

equally true that the district court's decision to remand was not subject to review. *See* 28 U.S.C.

1447(d) ("An order remanding a case to the State court from which it was removed is not

reviewable on appeal or otherwise . . . .").

However, we must consider whether the June 8, 2001, order to remand was a final

decision that allowed review of that part of the case which the district court decided (apart from

the remand order itself, which was unopposed). We hold that that order was final. Although as a

general rule an order of remand is not reviewable on appeal, this Court "may review any aspect of

a judgment containing a remand order that is distinct and separable from the remand proper."

*First Nat. Bank v. Genina Marine Servs., Inc.*, 136 F.3d 391, 394 (5th Cir. 1998) (internal

9

quotation and citation omitted).  An order is "separable if it precludes the remand in logic and in fact and is conclusive."  *Id.*  A conclusive order is one that "will have the preclusive effect of being functionally unreviewable in state court."  *Id.*  *See also John G. & Marie Stella Kenedy Mem. Found. v. Mauro*, 21 F.3d 667, 670 (5th Cir.), *cert. denied*, 513 U.S. 1016 (1994) (upholding appellate review of district court's dismissal of the plaintiff's federal claims after the district court remanded the case to state court); *Mitchell v. Carlson*, 896 F.2d 128, 133 (5th Cir. 1990) (upholding the availability of federal appellate review of the part of the decision the state court would not be able to reconsider on remand); *City of Waco, Tex. v. U.S. Fid. & Guar. Co.*, 293 U.S. 140, 143-44 (1934) (allowing appeal of a district court order dismissing one party once the district court ordered remanded to state court, and noting the difference between an appeal of the decision to dismiss and the decision to remand).  *See generally* FED. PRAC. & PROC. § 3914.11 (arguing that *City of Waco* provides a direct appeal of non-remand decisions that otherwise would only be reviewable under an extraordinary writ).

After Morris and Gulf settled in state court, Morris *never* filed a notice of appeal (much less a timely notice) in federal district court—the only proper forum—seeking review of the district court's original summary judgment in favor of SubSea.  Instead, Morris now appeals the *Second* Removal, *after* he attempted to appeal the district court's original summary judgment in state court.  While it is difficult to imagine that Morris's ability to appeal the district court's initial grant of summary judgment to SubSea only arises on the fortuitous (and perhaps ill-conceived) action of SubSea removing the case a second time, it is absurd to suppose that the proper forum for Morris to appeal a federal district court's summary judgment order is the Louisiana *state* appellate court.  In order to preserve the right to appeal the grant of summary judgment, Morris

10

had to have filed a timely notice of appeal in the district court after that court entered the remand order. Since Morris's filing of the notice of appeal on November 1, 2002, came well after the thirty-day period prescribed in FED. R. APP. P. 4(a), this appeal is untimely and the order dismissing Morris's claim against Subsea is AFFIRMED.

C.  The state court proceedings

We see no need to issue an injunction at this time, as we trust that the state appellate court will recognize that it has no jurisdiction to hear an appeal from a judgment of a federal district court, and thus will not convene, nor continue proceedings, nor enter judgments, that contravene, or are inconsistent with this opinion.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.