**REVISED OCTOBER 16, 2015**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2015

Lyle W. Cayce
Clerk

RIVERSIDE CONSTRUCTION COMPANY, INCORPORATED,

     Plaintiff - Appellant

v.

ENTERGY MISSISSIPPI, INCORPORATED,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-876

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Riverside Construction Company, Inc. appeals from the district court's denial of its motion for attorneys' fees and expenses under 28 U.S.C. § 1447(c).  We AFFIRM.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60252

## I. Background

In 2008, Defendant Entergy Mississippi, Inc.'s Dolphin Fender System ("the Dolphin System"),[1] located on its fuel dock in the Mississippi River, was damaged in an allision with a barge. Entergy contracted with Riverside to repair the Dolphin System at a price not exceeding $176,585.62. The cost to repair the Dolphin System eventually exceeded $1 million, which Entergy refused to pay.

Riverside then filed suit against Entergy in state court for breach of contract, *quantum meruit*, and unjust enrichment. Entergy removed the case to federal court, contending that the suit invoked the court's maritime (or admiralty) jurisdiction because the suit involved a federal maritime contract. *See* 28 U.S.C. § 1333. The district court disagreed, concluding that the contract at issue was not a maritime contract, and remanded the case to state court. *See* 28 U.S.C. §1447(c). The district court also held that even if the suit did implicate federal maritime jurisdiction, the "saving to suitors" clause of 28 U.S.C. § 1333(1) necessitated remand. *See* 28 U.S.C. § 1333. Riverside then filed a motion for attorneys' fees and expenses under 28 U.S.C. § 1447(c), which permits the district court to award the costs incurred by a plaintiff as a result of removal. The district court denied Riverside's motion, concluding that although removal was ultimately improper, Entergy had an objectively reasonable belief that it was proper and removed the suit in good faith. Riverside timely appealed the district court's denial of its motion for attorneys' fees and expenses.

---

[1] The Dolphin System is a structure placed in a waterway near a dock system that is used to moor vessels and protect the adjacent dock from damage.

No. 15-60252

## II. Standard of Review

A decision by the district court to grant or deny attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) is reviewed for an abuse of discretion. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). When the district court remands a case to state court, it may award the non-removing party its attorneys' fees and expenses incurred as a result of the removal, but a district court should typically, absent unusual circumstances, decline to award fees where the defendant had an "objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). In determining whether a defendant had objectively reasonable grounds for removal, we "evaluate the objective merits of removal at the time of removal." *Valdes*, 199 F.3d at 293. The mere fact that a district court ultimately concludes that removal was improper is not a sufficient ground for awarding attorneys' fees. *Id.* at 292.

## III. Discussion

Riverside appeals the district court's denial of its motion for attorneys' fees and expenses, contending that the district court erred in concluding that Entergy had an objectively reasonable basis for removal. In defending its removal of the suit, Entergy argued that the contract Riverside allegedly breached was a maritime contract, thus giving the district court federal question jurisdiction under 28 U.S.C. § 1333. Entergy contends now that, although the district court ultimately concluded that removal was improper, Entergy had both factual and authoritative support for arguing that its contract with Riverside was a maritime contract. Entergy also argues that the "saving to suitors" clause did not necessarily bar removal of a maritime suit because defects in removal jurisdiction are waivable.

A contractual dispute invokes admiralty jurisdiction when the underlying contract is a maritime contract. *J.A.R., Inc. v. M/V Lady Lucille*, 963 F.2d 96, 98 (5th Cir. 1992). This circuit has recognized that it is often

3

difficult to distinguish between maritime and non-maritime contracts. *Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538 (5th Cir. 1986). A contract is a maritime contract when it "relat[es] to a ship *in its use as such*, or to commerce or navigation on navigable waters, or to transportation by sea or to maritime employment." *Gulf Coast Shell & Aggregate LP v. Newlin*, 623 F.3d 235, 240 (5th Cir. 2010) (emphasis added) (quoting *J.A.R.*, 963 F.2d at 98). A contract is not a maritime contract merely because a vessel is involved. *Richard Bertram & Co. v. The Yacht, Wanda*, 447 F.2d 966, 967 (5th Cir. 1971). Rather, the contract must be directly linked to the operation of a ship. *Theriot*, 783 F.2d at 538 (citation omitted).

In support of its contention that its contract with Riverside implicated maritime jurisdiction, Entergy argued before the district court that (1) the contract contemplated that work would be performed from a floating barge on a structure that was integral to maritime commerce and situated within the navigable waters of the United States, and (2) the Dolphin System was an integral part of the fuel unloading/loading facility and was thus necessary to allow marine vessels transporting goods over navigable waters to moor at the dock in a safe manner. It was undisputed that all repair work pursuant to the contract would be conducted on navigable waters through the use of barges. Although a contract is not maritime merely because it involves a vessel, the Fifth Circuit has held that the use of a barge as a vessel can render a contract maritime in nature. *See, e.g., Theriot*, 783 F.2d at 538–39 (concluding that a submersible drilling barge constituted a vessel such that contract was governed by maritime law). Entergy relied on a series of cases recognizing barges as vessels. *See, e.g., Davis & Sons, Inc. v. Gulf Oil Corp.*, 919 F.2d 313, 316–17 (5th Cir. 1990); *Theriot*, 783 F.2d at 538. Entergy also argued that the fact that a vessel was used to transport Riverside's workers from land to the barge across navigable waters rendered the contract maritime in nature. *See*

No. 15-60252

*Laredo Offshore Constructors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223, 1231 (5th Cir. 1985) ("An agreement to transport people and supplies in a vessel to and from a well site on navigable waters is clearly a maritime contract."). Finally, Entergy argued that the dock's location in navigable waters and the Dolphin System's critical role in facilitating interstate commerce rendered the contract maritime.

Ultimately, the district court distinguished the instant suit by noting that the barge here was tethered to a bank and operated as a stationary platform, as opposed to a barge engaged in transportation. *See Daniel v. Ergon, Inc.*, 892 F.2d 403, 407 (5th Cir. 1990) (stating that floating platforms are not vessels if they are primarily used as work platforms, they are moored, and any movement across navigable waters is incidental to their intended use as work platforms); *see also Leonard v. Exxon Corp.*, 581 F.2d 522, 524 (5th Cir. 1978). The district court also concluded that the barge and the transport vehicles were auxiliary to the actual purpose of the contract—repair of the Dolphin System. *See Laredo*, 754 F.2d at 1231–32 (holding that a contract was not maritime where it required the transport of employees across navigable waters because that was not the primary purpose of the agreement). The mere fact that the district court concluded that removal was improper does not warrant an award of attorneys' fees under § 1447(c). *See Valdes*, 199 F.3d at 292. Entergy presented the district court with colorable arguments, supported by facts and authority, that its contract with Riverside was a maritime contract. *See, e.g., Lee v. Advanced Fresh Concepts Corp.*, 76 F. App'x 523, 524–25 (5th Cir. 2003).[2]

---

[2] Although *Lee* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

Riverside argues, however, that even if there was a reasonable basis for arguing that admiralty or maritime jurisdiction existed, Entergy still lacked an objectively reasonable basis for removal because the "saving to suitors" clause in 28 U.S.C. § 1333(1) prohibits removal of maritime cases from state court. The "saving to suitors" clause permits a plaintiff whose admiralty or maritime case does not fall within the federal court's exclusive admiralty jurisdiction to bring a claim "at law" in state court. *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011). This circuit has held that maritime claims brought in state court under the "saving to suitors" clause are not removable, unless a separate statute provides an independent basis for federal jurisdiction. *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79 (1959)).

There is disagreement among district courts in this circuit, however, regarding whether general maritime claims are removable, even absent an independent basis for jurisdiction, in light of Congress's December 2011 amendment to 28 U.S.C. § 1441(b). *See, e.g.*, *Boudreaux v. Global Offshore Res., LLC*, No. 14-CV-2508, 2015 WL 419002, at *1 (W.D. La. Jan. 30, 2015) (noting that the issue of whether maritime claims are removable absent an independent basis for subject matter jurisdiction after the amendment is "hotly contested"); *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 777–79 (S.D. Tex. 2013) (explaining how the amendment of § 1441(b) affects the determination of when removal jurisdiction exists and holding that admiralty-only cases can now be removed to federal court); *Butler v. RLB Contracting, Inc.*, No. 3:14-CV-112, 2014 WL 1653078, at *1 (S.D. Tex. Apr. 24, 2014); *see also* 14A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3674 (4th ed. 2013). The Fifth Circuit has not yet spoken directly on this issue. *Cf. Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013) (describing the 2011 amendment to 28 U.S.C.

No. 15-60252

§ 1441(b) as a "recent clarification" and noting that "cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 *may* require complete diversity prior to removal" (emphasis added)).  In light of this apparent uncertainty, Entergy had an objectively reasonable basis for removal.[3]  *Cf. Vatican Shrimp Co. v. Solis*, 820 F.2d 674, 680–81 (5th Cir. 1987) (concluding that a district court erred in awarding sanctions against a removing party where uncertainty existed regarding the propriety of removal of a Jones Act case filed in state court under the "saving to suitors" clause).

Additionally, as Entergy correctly notes, a case that is improperly removed under § 1333(1) suffers from a procedural defect, rather than a jurisdictional defect, and such a defect may be waived if the plaintiff fails to timely move for remand.  *See Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993); *see also Baris v. Sulpicio Lines*, 932 F.2d 1540, 1543–44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction.  The former is waivable . . . the latter is not." (citations omitted)).  Thus Entergy could not have known at the time of removal whether Riverside would object to the removal of the case, or would waive its objection.[4]

We conclude that the district court did not abuse its discretion in concluding that Entergy had an objectively reasonable basis for attempting to

---

[3] We note that we do not decide the effect, if any, of Congress's 2011 amendment of § 1441(b) on a party's ability to remove a maritime case absent an independent basis for jurisdiction.  We only observe that this issue is "hotly contested" and unresolved, because that affects whether Entergy had an objectively reasonable basis for removal.  *See Vatican*, 820 F.2d at 680–81.

[4] Entergy appears to reurge its argument, initially made before the district court, that Riverside waived its procedural objection to removal based on the "saving to suitors" clause because Riverside did not assert this ground for remand until it filed its reply brief, 57 days after Entergy removed the case.  Because we conclude that the district court did not abuse its discretion in concluding that Entergy had an objectively reasonable basis for removal, we need not reach this issue.

No. 15-60252

remove this case to federal court such that fees and expenses should be denied. *See Valdes*, 199 F.3d at 294.  The district court's order is therefore AFFIRMED.