Bernard **McCRARY** and Carol J. McCrary, individually and as representatives of the estate of Angelica McCrary Plaintiff,

v.

KANSAS CITY SOUTHERN RAIL-ROAD, The Kansas City Southern Railway Co., and Tilmon Thomas Tolson Defendants.

No. 1:00–CV–241.

United States District Court, E.D. Texas, Beaumont Division.

June 15, 2000.

*MEMORANDUM OPINION*

COBB, District Judge.

Plaintiffs' Motion to Remand [doc # 4] is now before the court in this railroad crossing accident case. Because the court concludes that the defendant Kansas City Southern Railway Company [KCS] properly removed this action, the court will deny the plaintiffs' motion.

## I. BACKGROUND

On March 9, 1998, Angelica McCrary was driving an automobile which collided with a train owned and operated by the Kansas City Railway defendants in Orange County, Texas. This collision resulted in the death of Ms. McCrary. The defendant Mr. Tolson was the engineer of the train involved in the accident.

On April 2, 1999, the plaintiffs filed a Petition to Investigate and Take Depositions Before Filing Suit pursuant to TEX. R. CIV. P. 202. [Rule 202 Request]. TEX. R. CIV. P. 202 provides in relevant part:

RULE 202. DEPOSITIONS BEFORE SUIT OR TO INVESTIGATE CLAIMS

202.1 Generally.

A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:

(a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit, or

(b) to investigate a potential claim or suit.

The Rule 202 Request sought the depositions of eight KCS representatives, including that of the defendant Mr. Tolson. The Rule 202 Request did not seek damages nor did it plead a cause of action. On April 30, 1999, the District Court of Jefferson County, Texas entered an order denying and dismissing the Rule 202 Request.

On March 7, 2000 the plaintiffs filed an instrument entitled "Plaintiffs' Original Petition." This petition received the same

Gilbert T. Adams, Jr., Beaumont, TX, for Plaintiff.

Daniel V. Flatten, Jenkins & Gilchrist, Houston, TX, for Defendants.

cause number and style as the Rule 202 Request. The Original Petition, however, was brought under the Wrongful Death and Survival Actions of Texas. *See* TEX. CIV. PRAC. & REM. CODE § 71.004. This petition plead claims of negligence, gross negligence and asked for relief in the form of monetary damages.

On March 17, 2000, the defendant KSC was properly served. Since the defendant Tolson is a resident of Louisiana, the plaintiffs attempted to serve him by serving the Secretary of State pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044 (outlining substituted service on the Secretary of State).[1] The Secretary of State sent a copy of Plaintiffs' Petition to Mr. Tolson at two different Louisiana addresses. One of these was returned on March 24th bearing the notation "Wrong Address." The other was returned on March 30th bearing the notation "No Mail Receptacle."

On April 6, 2000, the defendant KCS removed the action to this court alleging diversity jurisdiction. It is uncontested that the plaintiffs are residents of Texas and that the KSC defendants have their principal place of business in Kansas City, Missouri and that co-defendant Mr. Tolson is a resident of Louisiana. KSC's Notice of Removal did not state why the defendant Tolson did not join in the removal petition.

On May 5, 2000, the plaintiffs moved to remand. Plaintiffs argue two grounds for remand. First, the plaintiffs allege the defendants did not remove this case within the 30 day removal time period provided in 28 U.S.C. § 1446(b) because the Rule 202 Request was filed more than one year ago.[2] Second, the plaintiffs argue the No-

tice of Removal is defective because Mr. Tolson did not consent to removal in that Notice. KSC counters that removal was proper because a Rule 202 Request does not start the 30 day removal period and Tolson's consent is not necessary because he has yet to be properly served.

## II. ANALYSIS

### A. General Principles

■ 28 U.S.C. § 1447(c) provides two grounds for remand: (1) a defect in removal procedure, and (2) lack of subject matter jurisdiction. *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir.1993). When considering a motion to remand, the removing party bears the burden of showing that removal was proper. *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 365 (5th Cir.1995) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *see also Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), *appeal after remand*, 915 F.2d 965 (5th Cir.1990), *aff'd*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Because federal courts are courts of limited jurisdiction, the removal statute is subject to strict construction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (recognizing that removal "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system"). Moreover, all doubts about the propriety of removal must be resolved in favor of remand. *Dardeau v. West Orange–Grove Consol. Independent School Dist.*, 43 F.Supp.2d 722, 730 (E.D.Tex.1999). Keeping these

---

**1.** Section 17.044 of the Texas Civil Practice & Remedies Code states in pertinent part:

    A. The Secretary of State is an agent for service of process on a non-resident who engages in business in this state, but does not maintain a regular place of business in this State or a designated agent for service of process, in any proceeding that arises out of the business done in this State and to which the non-resident is a party.

**2.** 28 U.S.C. § 1446(b) states that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..."

general principles in mind, the court will now analyze the particular facts in this case as they relate to the removal statute.

### B. Texas Rule 202 and the Federal Removal Statute

■ Plaintiffs contend that the 30 day removal period of § 1446(b) has expired since they filed their Rule 202 Request more than one year ago. The defendant KCS removed this case pursuant to § 1441 within 30 days after being served with plaintiffs' Original Petition.[3] Thus, if parties can remove Rule 202 Requests pursuant to § 1441, then KCS's removal was untimely. Because the court concludes that Rule 202 Requests are not generally removable under § 1441,[4] the plaintiffs' argument, while novel, is without merit. Recently, Judge Kendall of the Northern District of Texas analyzed this exact same issue and concluded that Rule 202 Requests are not removable. *Mayfield–George v. Texas Rehabilitation Comm'n,* No. Civ. A. 3:99–CV–2735–X, 2000 WL 626853 at *2 (N.D.Tex. May 15, 2000). This court is in agreement with Judge Kendall's well-reasoned analysis of this issue.

A Rule 202 Request cannot start the 30 day time limit of § 1446(b) for several reasons. First, a Rule 202 Request is not a civil action within the meaning of § 1441 because it asserts no claim or cause of action upon which relief can be granted. *Id.* (citing *In re Hinote,* 179 F.R.D. 335, 336 (S.D.Ala.1998) ("It is a request for discovery, nothing more.")). In this case, the Rule 202 Request, as opposed to the Original Petition, neither plead a cause of action nor requested relief. Section 1446(b) details the procedures of removal and states that "the notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant through service or other-

wise, of a copy of the initial pleading *setting forth the claim for relief upon which such action or proceeding is based.*" (emphasis added). Since the Rule 202 Request does not set forth a claim of relief, it follows that it is not removable.

The Rule 202 Request is merely a *presuit* request for depositions to investigate a potential claim or suit. It is not, however, an "original action" within the meaning of § 1441, the removal statute. *Mayfield–George,* 2000 WL 626853 at * 2. This is evidenced by the fact that Rule 202 Requests have been construed by Texas courts as ancillary proceedings in anticipation of suits, not separate suits. *See Office Employees Int'l Union v. Southwestern Drug Corp.,* 391 S.W.2d 404, 406 (Tex. 1965); *see also Valley Baptist Med. Ctr. v. Gonzalez,* 18 S.W.3d 673, 675 (Tex.App.- Corpus Christi 1999, writ requested); *Texacadian Energy, Inc. v. Lone Star Energy Storage, Inc.,* 829 S.W.2d 369, 372 (Tex. App.-Corpus Christi 1992, no writ).

Furthermore, the removal statutes are to be strictly construed. The language of § 1441 cannot be stretched so far as to allow the removal of a request for discovery. Plaintiffs cite no authority for the proposition that removal of 202 Requests is proper and none could be found by this court. Therefore, the court concludes that KCS timely removed the Plaintiffs' Original Petition for relief in this case.

### C. Consent of Defendants and the Removal Statute

Plaintiffs also contend that remand is warranted because KCS did not obtain the consent or joinder of the defendant Mr. Tolson, the engineer of the train, in the Notice of Removal. Plaintiffs argue that Mr. Tolson has been served for purposes of the removal statute since he is an out of state defendant. It is the plaintiffs' posi-

---

3. Under Texas state court practice, the plaintiff's initial pleading is referred to as a "petition."

4. The court makes no determination of whether Rule 202 Requests are removable pursuant to other federal statutes such as the All Writs Act, 28 U.S.C. § 1651.

tion that out of state defendants are deemed served on the date service of process on the Texas Secretary of State is made. *See* TEX. CIV. PRAC. & REM. § 17.044.

■ It has long been the general federal rule that all defendants must join in or consent to removal. *See, e.g., Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866 (5th Cir.1991); *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir.1990); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986); *Prescott v. Memorial Med. Ctr–Livingston*, No. 9:00–CV–25, 2000 WL 532035 at *3–5 (E.D.Tex. Mar. 25, 2000); *Thompson v. Louisville Ladder Corp.*, 835 F.Supp. 336, 337–38 (E.D.Tex.1993).[5] This general rule, however, does not apply to unserved defendants. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir.1993); *Jones v. Houston Independent School Dist.*, 979 F.2d 1004, 1007 (5th Cir.1992); *McKnight v. Illinois Cent. R.R.*, 967 F.Supp. 182, 185 n. 6 (E.D.La.1997); *see generally* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, *FEDERAL PRACTICE & PROCEDURE* 3d ed. § 3731 at 274 (1998). Simply put, a defendant who has not been properly served need not consent to the notice of removal. Therefore, if Mr. Tolson has not yet been served, KCS's removal is proper and the plaintiffs' Motion to Remand should be denied. Because the plaintiffs have only served the Secretary of State and not Mr. Tolson, the court concludes that removal is proper.

■ It is uncontested that Mr. Tolson has not yet been served. The plaintiffs attempted to serve him by serving the Secretary of State in accordance with the Texas long arm statute. *See* TEX. CIV. PRAC. & REM. CODE § 17.044. The parties do not dispute that substituted service of process on the Secretary of State was proper

in this case since Mr. Tolson is an out of state defendant. It is the plaintiffs' position that this is sufficient enough to constitute service for purposes of the removal statute. Plaintiffs do not cite any applicable case law for this unique proposition. There is case law, however, holding that the removal period does not begin until the defendant actually receives the process and not on the date the Secretary of State is actually served. *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D.Tex.1998) ("When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process and not when the statutory agent receives process.") (citing 14C WRIGHT, et al., § 3732, at 516 and *Kurtz v. Harris*, 245 F.Supp. 752, 754 (S.D.Tex. 1965)); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999) (holding that the 30 day removal period does not begin to run until formal service has been made as opposed to the receipt of a courtesy copy of the complaint).

This court sees no reason not to follow the analysis of the court in *Monterey Mushrooms*, and holds that the removal period does not begin to run until the out of state defendant actually is served and not when the Secretary of State receives the process. Therefore, Mr. Tolson has not been served, and KCS's removal was proper since all served defendants joined in it. *See also* 28 U.S.C. § 1448 (providing for service of process on unserved defendants after removal).

## III. CONCLUSION

KCS timely and properly removed the current action to this court. Rule 202 Requests generally are not removable since they are not "civil actions" within the

---

**5.** In *Thompson*, this court discussed the exceptions to this rule. 835 F.Supp. 336, 338 n. 3. All defendants do not have to actually sign the notice of removal. *Id.* Moreover, nominal defendants are not required to join in the

notice of removal. *Id.* Here, KCS has argued that Mr. Tolson is at best a nominal defendant. Because the court concludes that Tolson has not yet been served, it is not necessary to reach this issue.

meaning of the removal statute. KCS removed the Original Petition within 30 days of being served. Thus, removal was executed in a timely fashion. The defendant Tolson has not yet been served so there was no need for him to join in the Notice of Removal. Hence, the Notice of Removal was not defective for failure to join Tolson. Accordingly, the plaintiffs' Motion to Remand is DENIED.[6]

---

**6.** In its Response to the Motion to Remand, KCS asked for leave to cure any possible defects in its Notice of Removal. Once Tolson is properly served, then he may consent to the Notice of Removal and if any defects existed, they would be cured. *See Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir.1982).