EDITH H. JONES, Circuit Judge:
The determinative question before us is whether an insurance company timely removed a case from state court over a $5,000 life insurance policy when it received a letter, after the case was filed, indicating that plaintiff would seek damages exceeding the federal jurisdictional minimum. Finding that the removal petition was untimely, we must vacate a summary judgment for the insurer and remand with instructions to remand to state court.
Plaintiff-appellant Alice Addo submitted a claim as the beneficiary under her mother’s life insurance policy to defendant-ap-pellee Globe Life and Accident Insurance Company (“Globe”). Upon investigation, Globe discovered that Addo’s mother misrepresented a pre-existing condition on her policy application. Accordingly, Globe denied the claim, rescinded the policy, and refunded Addo the premiums that her mother paid for the policy.
Addo brought suit in state court, requesting $5,000 in actual damages — the face amount of the policy — and punitive damages “not to exceed $65,000.” A month later, she served a demand letter on Globe, offering to settle the suit for an amount in excess of $75,000.[1] Several months passed before Globe served interrogatories on Addo asking her to confirm that the amount in controversy would not exceed $75,000. When she refused to confirm, Globe removed this case to federal court and Addo moved to remand.
The district court denied Addo’s motion and later granted Globe’s motion for summary judgment. Addo has appealed.
DISCUSSION
Globe removed on the basis of diversity jurisdiction. The complaint stated an in *761 sufficient amount in controversy to support diversity jurisdiction See 28 U.S.C. § 1332 (giving district courts original jurisdiction over matters where there is diversity of citizenship and where “the matter in controversy exceeds the sum or value of $75,-000”). However, under 28 U.S.C. § 1446(b):
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion order or other paper from which it may first be ascertained that the case is one which is or has become removable ...
Id. (emphasis added). The issue before us is what “other paper” first gave Globe notice that the amount in controversy exceeded $75,000 and whether Globe removed within thirty days after receiving that paper. Addo argues that the demand letter was an “other paper” and that Globe’s removal was untimely. Globe counters that Addo has “waived” any removal argument based on the letter, and alternatively, that it timely removed after receiving the interrogatory answers. We need not reach Globe’s alternative contention.
As an initial matter, Globe’s argument that this issue is not properly before us lacks merit. First, although Addo did not mention the remand ruling in her notice of appeal, the remand ruling was encompassed within the final judgment she appealed such that we may consider it on appeal. See Trust Co. of Louisiana v. N.N.P. Inc., 104 F.3d 1478, 1485 (5th Cir.1997) (an appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment.).
Second, Addo has not “waived” her argument that the letter was an “other paper” which gave Globe notice of the amount in controversy. Globe concedes that Addo issued the letter after filing her complaint, but it argues that she waived any remand argument based on this post-complaint demand letter because she has continuously, and erroneously, based her remand arguments here and below on a pre-complaint demand letter. We read the record differently. Despite some ambiguity in Addo’s trial court briefing, neither the trial court nor this court has been misinformed as to the timing of Addo’s letter or the legal consequences for removal that followed from it.
Turning to the merits of the remand argument, an issue this court reviews de novo, Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir.1997), we have not previously determined whether a post-complaint letter concerning settlement terms may constitute an “other paper” under § 1446(b). See Chapman v. Powermatic, Inc., 969 F.2d 160, 164-65 & 164 n. 8 (5th Cir.1992) (declining to reach this question, but concluding for other reasons that a pre-complaint demand letter does not constitute “other paper”). However, we have held that similar documents can be “other paper,” see S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir.1996) (a deposition answer constituted an “other paper”), and the majority of lower courts to have considered this issue hold that a post-complaint demand letter is “other paper” under § 1446(b), see Stramel v. GE Capital Small Business Finance Corp., 955 F.Supp. 65, 67 (E.D.Tex. 1997); Sunburst Bank v. Summit Acceptance Corp., 878 F.Supp. 77, 82 (S.D.Miss. 1995); Rodgers v. Northwestern Mut. Life Ins. Co., 952 F.Supp. 325, 327 (W.D.Va. 1997); cf. 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3732 (1998) (“[Cjorrespondence between the parties and their attorneys or between the attorneys usually [is] accepted as [an] ‘other paper’ souree[ ] that initiate[s] a new thirty-day period of removability.”). Additionally, the N.W.S. case implicitly rejected the most commonly advanced argument against treating a letter between counsel as .an “other paper,” namely, that a document must actually be filed in the state court proceedings to be an “other paper.” See S.W.S. Erectors, 72 F.3d at 494. *762 Moreover, the letter in this ease complies with our rule that “other paper” must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction. See id. Holding that a post-complaint letter, which is not plainly a sham,[2] may be “other paper” under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiffs demand exceeds the federal jurisdictional limit. Further, this holding discourages disingenuous pleading by plaintiffs in state court to avoid removal.
Accordingly, Addo’s post-complaint demand letter was an “other paper” under § 1446(b) which gave Globe notice that the case was removable. Because Globe did not, however, remove within thirty days of receiving that letter, Globe’s subsequent removal was improper, and Addo’s remand motion should have been granted. Thus, we VACATE the district court’s judgment and REMAND with instructions to remand the case to state court.

. Whether the letter is properly characterized as a “demand letter” or "statement letter” may be disputed, but is irrelevant to our legal analysis. The letter states:
[To Globe]:
In our telephone conversation of August 21, 1997, it is my understanding that you offered $5,000 to settle the above referenced case. We counter offer with $250,-000. This offer will stand until Friday, September 5, 1997.
Very truly yours,
[Plaintiff’s counsel]

. Globe has not argued that Addo's demand letter was a sham. Although the amount of punitive damages requested was high compared to the policy amount, Mississippi law permits punitive damages for bad-faith refusal to pay a policy, and if a punitive recovery was warranted, it could well have exceeded the federal jurisdictional limit.