**Percy DOZIER, Plaintiff,**

v.

**KENTUCKY FINANCE COMPANY, INC., Citigroup, Inc., Citifinancial Credit Company, Citifinancial, Inc., Associates First Capital Corporation, N/K/A Citigroup, Inc. or Citifinancial, Associates Financial Services Company of Mississippi, Inc., American Bankers Insurance Company of Florida, Associates Corporation of North America and American Bankers Life Insurance Company of Florida, Defendants.**

**No. CIV.A.4:03CV255LN.**

United States District Court,
S.D. Mississippi,
Eastern Division.

Oct. 22, 2003.

Roman Ashley Shaul, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, for Plaintiff.

John R. Chiles, Burr & Forman, LLP, Birmingham, AL, Robert D. Gholson, Daniel D. Wallace, Gholson & Orr, PLLC, Laurel, Charles E. Griffin, Griffin & Associates, Randy L. Dean, Walter D. Wilson, Wells, Marble & Hurst, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on plaintiff Percy Dozier's motion to remand pursuant to 28 U.S.C. § 1447. Defendants have responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted.[1]

Plaintiff is among a number of individuals represented by one or another of several attorneys from the Alabama law firm of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., in separate lawsuits brought in state courts throughout Mississippi, Alabama and Tennessee against Citigroup and a number of Citigroup affiliates based on alleged "predatory lending practices" relating to the sale of credit insurance products in loan transactions between the individual plaintiffs and defendants. In a break from the usual practice of late, each case was brought by a single plaintiff; and in each case, the plaintiff demanded dam-

---

1. The court notes that this is one of a number of cases pending before the court in which the same issue is raised. Defendants have moved to consolidate these cases for the purposes of ruling on the remand motions. The court declines to consolidate. However, the undersigned notes that there are also pending ac-tions in this court to compel arbitration of the claims of many of the same plaintiffs, and for purposes of judicial economy, concludes that it is preferable that the undersigned rule on the remand motions in those cases in which the companion arbitration actions are pending before the undersigned.

ages in an amount not to exceed $74,999. Thus, plaintiff herein filed suit in the Circuit Court of Wayne County, Mississippi seeking damages of not more than $74,999.[2] His complaint was accompanied by an affidavit from his attorney, Roman A. Shaul, in which Shaul stated:

> At the time of the filing of the Complaint, the Plaintiff's claims, including statutory damages, compensatory damages, punitive damages, costs and attorneys' fees, do not exceed Seventy–Four Thousand Nine Hundred Ninety Nine Dollars ($74,999.00).
>
> The Plaintiff stipulates that he will not attempt to seek more than $74,999.00.
>
> After one year or more has passed, the Plaintiff will not amend his Complaint to seek damages in excess of $74,999.00.

Although there was diversity of citizenship between the parties at the time suit was filed, the case was not removable in view of plaintiff's limitation of damages to an amount below the $75,000 threshold for diversity jurisdiction. Subsequently, however, on May 22, 2003, an attorney in the law firm representing plaintiff faxed a letter—it is unclear to whom—which defendants have characterized as an offer to settle all the Beasley Allen firm's Citigroup cases for $700 million, or an average of $100,000 per case, along with forgiveness for any and all debt owed by each plaintiff. Defendants promptly removed the case, taking the position that plaintiff's "settlement offer" for an amount in excess

of the jurisdictional minimum for diversity jurisdiction constituted an "other paper" from which it could first be ascertained the case had become removable. *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...."). Plaintiff has moved to remand, contending that the amount in controversy required for diversity jurisdiction has not been met.

 As defendants point out, a settlement letter can be sufficient to constitute an "other paper" which makes a case removable where the settlement request demands an amount over the jurisdictional minimum. *See Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 761 (5th Cir. 2000) (describing such a rule as "consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit," and noting that "this holding discourages disingenuous pleadings by plaintiffs in state court to avoid removal"). In this case, however, it hardly seems that the letter on which defendants rely could be found to be a valid settlement offer,[3] and even if it could reasonably be so construed, it cannot fairly be said that the letter, in fact, values the plaintiff's

---

**2.** The complaint recited:

> PLAINTIFF DOES NOT SEEK COMPENSATION IN AN AMOUNT IN EXCESS OF $74,999.00 IN THE AGGREGATE FOR ALL CLAIMS SET FORTH IN THIS CAUSE. (SEE AFFIDAVIT OF ROMAN A. SHAUL, ATTACHED AS EXHIBIT "A")

**3.** Other courts have noted "deficiencies" in the letter which are likewise apparent to this court. As one court has observed,

> The three-page document begins with a one-page "telecopy transmittal report" showing that the fax was sent by Thomas J. Methvin, a partner in the law firm Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., where Plaintiff's attorney ... also practices; the fax was directed to Sandy Weill who is not an attorney in this action and is unidentified for purposes of this Court's consideration. The second page is a general letter, addressed to no one in particular, extolling

claims herein at $100,000 or any other amount in excess of $75,000.[4] In any event, the plaintiff has furnished to the court his own declaration in which he states unequivocally that he has limited his claims in this action to an amount below $75,000, and that he

> will not amend or authorize anyone on [his] behalf to amend [his] complaint to request more than $74,999, even if this matter is left pending over a year. If a jury returns a verdict in excess of $75,000, I will not accept an amount in excess of $74,999. At all times relevant to this action, my attorney, Roman A. Shaul, has been authorized to act on my behalf. I have relied upon his advice in pursuing my claims. I understand that this Declaration and the stipulations of my attorney are binding on me in this case.

In view of the original demand in the complaint for damages in amount not to exceed $74,999, coupled with the stipulation of plaintiff's counsel (whose authority to stipulate on behalf of plaintiff has been confirmed by plaintiff himself), the deficiencies in the putative "settlement offer," and plaintiff's own declaration attesting to his intention to not at any time seek more than $74,999, the court concludes that the amount in controversy does not exceed $74,999 and that the case is therefore due to be remanded.[5]

---

the abilities of the law firm Beasley, Allen; the "letter" touts its success in "predatory lending cases" but references no legal case and makes no mention of the Plaintiff in this action. The "letter" further states that "Beasley, Allen has offered to settle 7000 of these cases for $700 million or an average of $100,000 per case (though some would receive more and some less), plus debt forgiveness". The third page is a list of six different verdicts, ranging from $1.6 million to $580 million, that Beasley, Allen has won.

The court finds that this exhibit is not a settlement offer. Again, the letter does not come from Plaintiff's attorney of record, it is not directed to Defendants' attorney of record, and it fails to reference this action- or for that matter, any action. The letter, in and of itself, cannot be considered a valid settlement offer in light of these deficiencies. The court considers this exhibit to be mere puffery, the like of which has become commonplace, unfortunately, in these days of high-dollar litigation.
*Willie Dozier v. Kentucky Finance Co., Inc.*, Civil Action No. 03–0389–M (S.D.Ala. Oct. 10, 2003); *see also Dora v. Citifinancial, Inc.*, No. 2:02CV305–D–B, 2003 WL 22243996 (N.D.Miss. July 31, 2003) (concluding that limitation on recovery in complaint and accompanying binding stipulation was not superseded by the plaintiff's attorney's subsequent boilerplate settlement letter, noting that "[t]he letter does not appear to concern this case directly, and nowhere in the letter is this case mentioned. Instead, the letter appears to be a generally worded missive that the Plaintiff's attorney faxed to the Defendants—it does not appear that the letter was specifically sent in connection with this case.").

4. *See Marietta Hathorne v. Kentucky Finance Co., Inc., et al.*, CV–03–1494–W (N.D.Ala. Aug. 26, 2003) (opining that this same "settlement letter" was not evidence that plaintiff sought more than the $74,999 demanded in complaint, for "[t]he attorney's calculation of an average in order to attempt to sell the settlement to the Defendants [did] not constitute a withdrawal of the limits of recovery imposed by the plaintiff in the state court case").

5. The court is aware of defendants' contention that plaintiff's submissions do not foreclose the possibility that plaintiff could amend his complaint at some future time to seek the injunctive or equitable relief of debt forgiveness, the amount of which would properly be considered for jurisdictional purposes. This court, however, agrees with the court's reading of the attorney's affidavit in the *Willie Dozier* case (along with plaintiff's own declaration) as stating "that he would not do anything to seek relief which exceeds the jurisdictional limits of this Court." The court there construed the identical affidavit and sworn declaration as submitted herein as foreclosing the concern raised by defendants, but directed that the in the event the court had misconstrued plaintiff's sworn statements, the plain-

Based on the foregoing, it is ordered that plaintiff's motion to remand is granted.

tiff should so advise the court. The court herein likewise construes plaintiff's and his attorney's declarations and stipulations in this case, and would similarly direct that plaintiff promptly advise the court if the court's understanding of their intention is incorrect.