Antonio TORRES, Plaintiff,

v.

**TRANS HEALTH MANAGEMENT, INC. d/b/a/ Mountain View Health Care Center et al., Defendants.**

**No. EP–06–CV–075–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

June 26, 2006.

Harry Fredrick Mandell, Law Office of Fredrick Mandell, El Paso, TX, for Plaintiff.

C. Brett Stecklein, Chad Lane Farrar, Mullin Hoard & Brown LLP, Dallas, TX, Mark C. Walker, Brown McCarroll LLP, Carl H. Green, Mounce, Green, Myers, Safi & Galatzan, P.C., El Paso, TX, Kenneth G. Engerrand, Brown Sims, P.C., Houston, TX, for Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Antonio Torres's ("Plaintiff")

"Motion to Remand," filed on February 28, 2006, Defendants Trans Health Management, Inc. d/b/a/ Mountain View Health Care Center ("Trans Health") and Robert Kuharik's ("Kuharik") (collectively "Defendants") "Response to Plaintiff's Motion to Remand" ("Response"),[1] filed on March 10, 2006, and Plaintiff's "Reply Brief to Response" ("Reply"), filed on March 20, 2006, in the above-captioned cause. After due consideration, the Court is of the opinion that Plaintiff's Motion to Remand should be denied for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2005, Plaintiff filed his original complaint in El Paso County Court at Law Number 3, alleging that he suffered a work-related injury due to various negligent acts of his employer, Trans Health, and Kuharik, an employee of Trans Health at the time of the accident. Defs.' Resp., Ex. A at 2. Plaintiff is a resident of El Paso, Texas. *Id.* at 1. Trans Health is a Delaware corporation with its principal office in Maryland. Defs.' Resp., Ex. B at 2. Kuharik is a resident of El Paso County, Texas. Pl.'s Mot. to Rem. ¶ 2.02. On November 18, 2005, Plaintiff filed an amended petition in the El Paso county court naming Integrated and Lyric as additional defendants.[2] Defs.' Resp. ¶ 3.01.

On February 22, 2006, Trans Health and Kuharik removed the case from Texas state court to the United States District Court for the Western District of Texas based on diversity jurisdiction, contending that diversity exists if the Court disregards the citizenship of Kuharik. Defs' Brief and Support of Notice of Removal and Jury Demand ¶ 3.02. Defendants claim that Kuharik's citizenship should be ignored because of the Texas rule of law that corporate agents will be liable to employees for negligence only when the agent has a duty of reasonable care independent of any duty of the corporation. *Id.* On February 28, 2006, Plaintiff moved to remand the case back to Texas state court, alleging that he had presented separate causes of action against Kuharik and that Defendants' removal was not timely. The questions presented are whether Plaintiff's joinder of Kuharik was improper[3] and, if so, whether Defendants' removal was timely.

## II. STANDARD

When plaintiffs choose to file suit in state court, defendants may remove the case to federal court if there is complete diversity of citizenship among the parties involved and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441(a). Federal jurisdiction based on diversity is improper, however, if any "of the parties in interest *properly* joined and

---

1. There are four defendants in the above-captioned cause. Summonses for two of the defendants, Integrated Health Services at Hanover House, Inc. d/b/a Mountainview Health Care Center ("Integrated") and Lyric Health Care Holdings III, Inc. ("Lyric"), were not issued until after the filing of the notice of removal. Unserved defendants are not required to join in the removal petition. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n. 9 (5th Cir.1988).

2. Summonses for Integrated and Lyric were issued April 13, 2006.

3. Fifth Circuit decisions had interchangeably used the terms "fraudulent joinder" and "improper joinder" to describe suit against non-diverse defendants to defeat removal or diversity jurisdiction. Although there is no substantive difference between the two terms, the Fifth Circuit recently adopted the term "improper joinder" as the preferred term. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n. 1 (5th Cir.2004).

served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Therefore, where defendants seek removal and non-diverse defendants are present in the case, the defendants must show that complete diversity exists by demonstrating that the plaintiff has improperly joined the non-diverse defendants.

■■■ "The party seeking removal bears a heavy burden of proving that the joinder of the instate party was improper." *Smallwood*, 385 F.3d at 574 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999)). The removing party must prove improper joinder by clear and convincing evidence. *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir.1990) (citation omitted). There are two ways a removing party can establish improper joinder. It can show (1) actual fraud in a plaintiff's pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendants in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citation omitted). Because Defendants have not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, only the latter method of establishing improper joinder is before the Court.

■■■ The test under the second method of establishing improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." [4] *Smallwood*, 385 F.3d at 573. In the "reasonable basis" analysis, "all disputed questions of fact and all am-biguities in state law must be resolved in favor of the plaintiff." *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir.2004) (citations omitted). If a plaintiff has only a mere theoretical possibility of recovery under state law against non-diverse defendants, such a possibility will not preclude a finding of improper joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000).

■■■ To determine whether a plaintiff has a reasonable basis of recovery against an in-state defendant, "the court may 'pierce the pleadings' and consider summary judgment-type evidence." *Gray*, 390 F.3d at 405 (citing *Travis*, 326 F.3d at 648–49). In this analysis, the court "must also take into account all unchallenged factual allegations . . . in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649 (citations omitted).

## III. ANALYSIS

### A. Plaintiff's Claim Against Defendant Kuharik

■■■ Plaintiff alleges that he suffered an injury at work while lifting a bed frame, and that this injury was caused by Defendants' negligence. Defs.' Resp. ¶ 1.01. Defendants assert that Plaintiff would be unable to establish a cause of action against his supervisor, Kuharik, in Texas state court because of the Texas Supreme Court's ruling in *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex.1996). The *Leitch* court recognized that corporate officers and agents may be held liable for their own acts of negligence, but that "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the

---

4. Past cases have summarized the test as requiring that the defendant demonstrate that there is no possibility of recovery by the plaintiff against an in-state defendant. *See, e.g., Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983). Although there is no sub-stantive difference between the seemingly divergent "no possibility" and "reasonable basis" standards, *Travis*, 326 F.3d at 647, the Fifth Circuit recently adopted the "reasonable basis" formulation of the improper joinder test. *Smallwood*, 385 F.3d at 573.

employer's duty." *Id.* at 117.[5] The court gave as an example of an independent duty an agent whose negligent driving causes an automobile accident; the agent while driving "owes a duty of reasonable care to the general public." *Id.* Defendants claim that Plaintiff made no allegations that Kuharik owed him an independent duty of care. Defs.' Resp. ¶ 4.12.

■■■In Plaintiff's amended petition, Plaintiff states that "[a]t all times relevant hereto, Defendant Kuharik was in the performance of his duties on behalf of Defendant Trans Health." Defs.' Resp., Ex. A at 8. Furthermore, Plaintiff alleges identical negligent acts and omissions by Kuharik and Trans Health as the cause of his injury.[6] *Id.* at 8–9. All of the acts and omissions are related to safety in the workplace. *Id.* The duty to use ordinary care in providing employees with a safe workplace is non-delegable. *Leitch,* 935 S.W.2d at 118. The corporation, not Kuharik, had a duty to provide Plaintiff with a safe workplace. *Id.* at 117. Plaintiff does not allege that Kuharik owed him an independent duty of care apart from the employer's duty.[7] Therefore, Texas law precludes a finding of individual liability against Kuharik. *Id.* The Court cannot hold that there is a reasonable basis to predict that Plaintiff might prevail against Kuharik in Texas state court.

**B. Timeliness of Removal**

■■■ Plaintiff asserts two arguments that Defendants' removal was untimely. Plaintiff first argues that Defendants failed to remove the case within thirty days of receipt of the original complaint. Pl. Mot. to Rem. ¶ 2.03. Neither Plaintiff's original petition nor Plaintiff's first amended petition specify the amount of damages requested by Plaintiff. Defs.' Resp., Ex. A at 3, 10. Defendants assert that only upon receipt of a settlement letter from Plaintiff on January 23, 2006, requesting $250,000 in damages, did Defendants have reason to know that the amount in controversy requirement of federal subject matter jurisdiction would be satisfied. Defs.' Resp. ¶ 4.18.

■■■ The time period for removal does not always begin with the receipt of the original complaint; 28 U.S.C. § 1446(b) provides, in relevant part: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of ... other paper from which it may first be ascertained that the case is one which is ... removable." A post-complaint letter concerning settlement terms can be considered "other paper" under § 1446(b). *Addo v. Globe Life*

---

5. An exception exists when alter ego is established; this exception is not applicable to the current cause. *Id.*

6. The specific negligent acts and omissions alleged in Plaintiff's first amended petition are: 1) failing to provide competent employees; 2) failing to properly train, supervise and instruct its employees; 3) failing to instruct its employees about safety, and to provide said employees and agents with rules and regulations for the safety of others, including Plaintiff; 4) failing to provide Plaintiff with a safe working environment; 5) failing to implement and/or enforce safe practices in the work environment; 6) failing to provide Plaintiff with proper safety equipment; and 7)

ordering Plaintiff to perform tasks that were inherently dangerous. *Id.*

7. In Plaintiff's Second Amended Complaint, filed May 30, 2006, Plaintiff alleges for the first time that Kuharik owed him an independent duty of care. Pl.'s Sec. Amen. Com. ¶ 30. Because this complaint was filed after the time of removal, it is not under consideration; "removal jurisdiction should be determined on the basis of the state court complaint at the time of removal, and ... a plaintiff cannot defeat removal by amending it." *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 265 (5th Cir.1995).

& *Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir.2000). Thus, Defendants' removal was timely if completed within thirty days after January 23, 2006, the date that Defendants received Plaintiff's demand letter.

Plaintiff next argues if the thirty-day period for removal began when Defendants received Plaintiff's demand letter, Defendants had until February 21, 2006 to file a notice a removal, and that Defendants' filing of notice of removal on February 22, 2006 was untimely. Pl.'s Rep. ¶ 1.02. The Federal Rules of Civil Procedure provide that when computing a time period prescribed by the rules, the day of the event that triggers the period is not included. FED. R. CIV. P. 6(a). Defendants received notice that the case was removable on January 23, 2006; therefore, Defendants had until and including February 22, 2006 to file a notice of removal. Defendants filed their notice of removal on February 22, 2006, within the statutory time period allowed for removal.

## IV. CONCLUSION

In sum, the Court finds that Defendants have demonstrated that there is no reasonable basis to predict recovery in Texas state court for Plaintiff's claims against the sole in-state defendant Kuharik. Consequently, Defendants have met their heavy burden of demonstrating that Kuharik was improperly joined and that complete diversity exists. Furthermore, Defendants' removal was timely. As a result, this Court has subject-matter jurisdiction over the above-captioned cause. Therefore, the Court concludes that Plaintiff's Motion to Remand should be denied.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand (Docket No. 3) is **DENIED.**