Jesus **FERNANDO GARCIA, and Maria De Lourdes Garcia, as wrongful death beneficiaries of Jesus Fernando Garcia, Jr., deceased, Plaintiffs,**

v.

**MVT SERVICES, INC., Defendant.**

**Civil Action No. 08–CV–192–KC.**

United States District Court,
W.D. Texas,
El Paso Division.

July 15, 2008.

James B. Kennedy, Jr., James Kennedy, P.L.L.C., Roger C. Davie, Attorney at Law, El Paso, TX, for Plaintiffs.

Darryl Scott Vereen, Mounce, Green, Myers, Safi & Galatzan, El Paso, TX, for Defendant.

## ORDER

KATHLEEN CARDONE, District Judge.

On this day, the Court considered Plaintiffs' "Motion to Remand" ("Plaintiffs' Motion"); Defendant's "Response to Plaintiffs['] Motion for Remand" ("Defendant's Response"); and Plaintiffs' "Reply and Request for Attorneys' Fees" ("Plaintiffs' Reply"). After due consideration, for the reasons set forth herein, Plaintiffs' Motion is **GRANTED.**

## I. BACKGROUND

On August 22, 2007, Plaintiffs filed their Original Petition in the 171st Judicial Dis-

trict Court, El Paso County, Texas, in the case styled *Jesus Fernando Garcia and Maria de Lourdes Garcia, as wrongful death beneficiaries to Jesus Fernandez Garcia, Jr., Deceased v. Ahmed M. Egal, Deceased, PDQ/TL Express, Inc., MVT Services, Inc., MVT Transportation, LP, and Messilla Valley Transportation, Inc.,* Cause No. 2007–3856 ("the State Court Action"). In their Original Petition, Plaintiffs claimed MVT Services, Inc. ("MVT Services" or "Defendant") was vicariously liable for the wrongful death of Plaintiffs' son after Plaintiffs' son died in a vehicular collision while riding as a passenger in a truck driven by an individual alleged to be an MVT Services Employee. Pls.' Original Pet. 5.[1] Plaintiffs also claimed damages in an unspecified amount. *Id.* Plaintiffs sued five entities, at least one of which is allegedly not diverse in citizenship from Plaintiffs, who are Texas citizens. *See id.* 1–2 (stating that defendant Ahmed M. Egal was, for all purposes of the Petition, a resident of Texas).

On September 21, 2007, MVT Services received a copy of Plaintiff's Original Petition and Summons. *See* U.S. Postal Service, Certified Mail Receipt, September 21, 2007; Summons for MVT Services, September 7, 2007. At this time, all parties remained in the case as they were identified in the caption. On October 1, 2007—before Defendant made its first appearance in the State Court Action—Plaintiffs non-suited Ahmed Egal and PDQ/TL Express, Inc. The state court filed a corresponding order dismissing Egal and PDQ/TLE Express, Inc., on October 2, 2007. On October 11, 2007, Plaintiffs' attorney James Kennedy sent a demand letter by facsimile to MVT Services's attorney Darryl Vereen, and offered to settle the case

for $750,000. Facsimile from James Kennedy to Darryl Vereen, October 11, 2007. Neither party has filed evidence of a response.

On October 12, 2007, Defendant MVT Services filed its Original Answer to Plaintiff's Original Petition, generally denying Plaintiffs' claims. On October 22, 2007, Plaintiffs non-suited MVT Transportation, LP and Messilla Valley Transportation, Inc. The state court entered a corresponding order dismissing MVT Transportation, LP, and Messilla Valley Transportation, Inc. on November 13, 2007. As of November 13, 2007, MVT Services—a New Mexico citizen and a party whose citizenship is diverse from Plaintiffs—was the only remaining defendant in the State Court Action.

On April 29, 2008, Plaintiffs filed their First Amended Petition, once again claiming MVT Services was vicariously liable for the purported negligent acts of its alleged employee, and sought $6,000,000 in damages. Pls.' First Am. Pet. 3–5. On May 23, 2008, MVT Services filed its Notice of Removal to this Court.

On June 5, 2008, Plaintiffs filed their instant Motion, arguing that Defendant's Notice of Removal was untimely because removal must take place within 30 days of when a case first becomes removable, and this case became removable in October or November 2007 with the nonsuit of the last non-diverse party. Pls.' Mot. 2–3. On June 16, 2008, Defendant MVT Services filed its Response. On June 26, 2008, Plaintiffs filed their reply.

## II.  DISCUSSION

### A.  Standard

▮ A defendant may remove a case to the federal district court in the division embracing the place where such action is

---

1.  Plaintiff's Original Petition and other documents related to the State Court Action have

been appended to both Defendant's Notice of Removal and Plaintiff's Motion to Remand.

pending in state court. 28 U.S.C. § 1441(a). The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986). Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir.1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996).

## B. Discussion

■ This Court has jurisdiction over removed cases where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441. A defendant may remove an action only "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); *see also Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir.1985).

### 1. Diversity of citizenship

Neither party disputes that at the time Defendant MVT Services received the ini-

tial pleading in the State Court Action, the case was not removable, as there was at least one defendant who was nondiverse from Plaintiffs (i.e. Ahmed Egal).[2] *See* Pls.' Original Pet. 2. Plaintiffs argue, however, that the case became removable when Plaintiffs nonsuited all other defendants in October and November 2007, leaving only MVT Services as defendant, whose citizenship is diverse from Plaintiffs. Pls.' Mot. 4. Because MVT Services did not remove the case until May 23, 2008, more than six months later, Plaintiffs argue removal is untimely. *Id.*

Defendant MVT Services argues, however, that it never actually *received* the order non-suiting the nondiverse party until Plaintiff filed its Motion to Remand in this Court. Def.'s Resp. 2. Defendant therefore based removal upon Plaintiff's Amended Petition in the State Court Action. *Id.* Defendant further argues that the state court filed the order non-suiting the nondiverse party before Defendant even appeared as a party in the State Court Action. *Id.* at 3. Therefore, Defendant argues, the 30–day clock on removal did not run until Plaintiffs filed its First Amended Petition in the State Court Action on April 28, 2008, which notified Defendant that it was the only remaining party and that the amount in controversy—unspecified until then in the pleadings—met the minimum threshold for diversity jurisdiction. *Id.* at 3–4.

Regarding the deadlines for removal, Title 28, U.S.C. § 1446(b) states:

---

**2.** Neither party provides evidence as to whether MVT Transportation, LP—a Texas partnership—was a citizen of Texas, as there is no indication as to the citizenship of its partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (generally, the citizenship of artificial entities other than corporations is determined by the citizenship of its members). However, neither party refers to MVT Trans-

portation, LP, as a Texas citizen, and Defendant MVT Services refers to Mr. Egal as "the non-diverse Defendant." Def.'s Resp. 2. Accordingly, with neither party arguing for non-diverse status of MVT Transportation, LP, and with it being Defendant's burden to demonstrate diversity jurisdiction, the Court will assume for the purposes of the instant Order that the partners of MVT Transportation, LP, are diverse from Plaintiff.

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The nondiverse party in the instant case—Ahmed Egal—was nonsuited on October 2, 2007, after Defendant received service of process in the State Court Action on September 21, 2007, but before Defendant first appeared and filed its answer on October 12, 2007. *See* Order of Non–Suit of All Claims Against Defendants Ahmed M. Egal and PDQ/TL Express, Inc., Without Prejudice, Oct. 2, 2007; Def. MVT Servs., Inc.'s Original Answer, Oct. 12, 2007. Neither party has presented evidence that Defendant ever actually received the order nonsuiting the nondiverse party. Therefore, the issue before the Court is whether Defendant "received" an order in the State Court Action

sufficient for the purposes of § 1446(b) when the state court entered the order after Defendant had been served but before Defendant appeared in the case. Neither party has provided examples of case law directly on point with this issue, nor has the Court found any.

The Court first notes that the cases that Defendant points to in support of his argument that actual physical receipt is necessary are inapposite. Defendant first points to *Walters v. Grow Group, Inc.,* 907 F.Supp. 1030 (S.D.Tex.1995), where the court held that "actual receipt by a defendant of a complaint is sufficient to commence thirty day period for removal regardless of the technicalities of state service of process requirements." *Walters v. Grow Group, Inc.,* 907 F.Supp. 1030, 1033 (S.D.Tex.1995). However, *Walters* does not hold that actual receipt is a *necessary* pre-requisite—the issue before the Court today—only that it is a sufficient condition to run the clock. In addition, *Walters* was a case initially removable on the pleadings, and the court in *Walters* analyzes the language of the first paragraph of § 1446(b), not the second.[3]

Defendant's reliance on *McCrary v. Kansas City Southern Railroad,* 121 F.Supp.2d 566 (E.D.Tex.2000) is also misplaced. The court in *McCrary* held that the clock did not run for an initially removable case when a statutory agent had been served, but only when service had been provided to the actual defendant. *Id.* at 570. Once again, the court in *McCrary* analyzed paragraph one of § 1446(b). Nowhere in *McCrary* did the court address what kind of "receipt" is necessary to start the defendant's 30–day removal clock for a case that later becomes removable by a

---

**3.** *Walters* is also arguably abrogated by *Murphy Brothers v. Michetti Pipe Stringing,* which held that formal service of process is required before the § 1446(b) clock may start in a case

that is otherwise initially removable. *See Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 356, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

post-pleading order under paragraph two of § 1446(b). *Id.*[4]

■ In addition, a further review of relevant case law shows the term "service or otherwise" means different things when used in the first and second paragraphs of § 1446(b). The term "service or otherwise" in the first paragraph is limited to either formal service of process of the summons and complaint or other procedures allowed by local rules, such as service of summons and the filing of the complaint. *See Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). However, paragraph two of § 1446(b) allows for receipt of post-pleading documents for which the Federal Rules of Civil Procedure require less strict means of delivery than formal service of process. *Compare* FED.R.CIV.P. 4 (generally requiring a summons and complaint to be delivered physically to constitute service absent waiver) *with* FED.R.CIV.P. 5 (allowing for various other means to constitute "service" of post-pleading documents). Moreover, the Fifth Circuit has held that "receipt" of "orders" and "other paper" can include documents wholly absent from the state court proceedings. *See Green v. R.J. Reynolds Tobacco Co.,* 274 F.3d 263, 268 (5th Cir.2001) (publishing of an order in unrelated case with the same defendant and similar facts and issues constituted receipt of order for purposes of § 1446(b)); *Addo v. Globe Life & Acc. Ins. Co.,* 230 F.3d 759, 762 (5th Cir.2000) (receipt by the defendant of the plaintiff's demand letter outside the pleadings is "other paper" under paragraph two of § 1446(b)); *S.W.S. Erectors Inc., v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996) (removal petition based on evidence in deposition testimony supported federal jurisdiction under paragraph two of § 1446(b)). If "service or otherwise" in the second paragraph required service of post-pleadings documents as required under *Murphy Brothers* or even by the less stringent standards of Federal Rule 5, documents such as demand letters and orders published in other cases would be excluded. Accordingly, the term "service or otherwise" in paragraph two of § 1446(b), unlike paragraph one, does not require a party to receive a document by formal service.

■ In the instant case, when Defendant first appeared in October, 2007, the only nondiverse party had already been nonsuited, and there was complete diversity between Plaintiffs and Defendants. However, Plaintiffs have presented no evidence that it had made Defendant aware of the order nonsuiting Egal. While Plaintiffs attempt to make a case that Defendant was clearly aware of Egal's nonsuit through other means, "a defendant's subjective knowledge cannot convert a case into a removable action." *S.W.S. Erectors Inc.,* 72 F.3d at 494 (citing *Chapman,* 969 F.2d at 163). Nevertheless, the only way that Defendant could *not* be aware of this fact is if it failed to check the state court filings when it filed its answer. Whether Defendant's lack of due diligence in ascertaining the nature of the case in which it was involved is enough to demonstrate constructive "receipt" under 1446(b) remains unclear. *See Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992) (finding no circuit court opinions addressing whether a defendant is under a duty to exercise due diligence in determining circumstances supporting removal when the initial pleading does not reveal those circumstances).[5]

---

**4.** Defendant cites two more cases that do not deal with actual receipt but whether "receipt" must result from a voluntary act by a plaintiff, the propositions for which the Court will address as part of its analysis on "other paper."

**5.** *Chapman* dealt specifically with the other necessary pre-requisite for diversity jurisdiction—the amount in controversy exceeding the statutory minimum. *See Chapman,* 969 F.2d at 163. However, the Court's reasoning

Ultimately, however, the Court need not answer whether a pre-appearance order on file with the court is sufficient to start the clock in paragraph two of § 1446(b). Plaintiffs have demonstrated through other evidence that Defendant had received "other paper" from which it could be ascertained that the State Court Action was removable more than five months before April 28, 2008, the day Plaintiffs filed their First Amended Petition.

As stated above, Section 1446(b) allows for removal of a case that was not initially removable within 30 days after Defendant receives "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). For a document to be considered "other paper" under § 1446(b), it "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo*, 230 F.3d at 762 (5th Cir. 2000) (citing *S.W.S. Erectors*, 72 F.3d at 494); *see also Ford v. Shoney's Restaurants, Inc.*, 900 F.Supp. 57, 59 (E.D.Tex. 1995) ("[T]he thirty day removal period begins to run when defendant receives the requisite written notice of facts making the case removable."). As stated above, a document does not have to be filed in the state court proceedings to constitute "other paper." *Addo*, 230 F.3d at 761 (citing *S.W.S. Erectors*, 72 F.3d at 494). The Fifth Circuit has recognized "other paper" to include correspondence between parties, deposition testimony, and other discovery materials. *See id.* at 761 (receipt of a post-complaint demand letter, when not plainly a sham, is "other paper"); *S.W.S. Erectors*, 72 F.3d at 494 (transcript of deposition testimony is "other paper");

*Chapman*, 969 F.2d at 163 (answer to an interrogatory constitutes "other paper").

In the instant case, as part of its Reply, Plaintiffs submits a discovery document from the State Court Action, in which Defendant actually produces back to Plaintiffs a copy of the Release and Indemnifying Agreement between Plaintiffs and the nondiverse defendant. *See* Pls.' Reply, Ex. C (Defendant MVT Services, Inc.'s Responses to Plaintiffs' Request for Disclosure), Ex. D (Release and Indemnifying Agreement). In the Release and Indemnifying Agreement, Plaintiffs:

> do hereby release, acquit and forever discharge PDQ/TL Express, Inc .... [and] Ahmed Egal ... from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, attorney fees, and compensation on account of, or in any way growing out of, any and all known and unknown personal injuries and/or property damage resulting or to result from an accident that occurred on or about the 26th day of August, 2006, at or near Interstate 40 near Clinton, Oklahoma, as specifically alleged in, but not limited to, the allegations contained ... in a Petition filed in the 171st Judicial District of El Paso, Texas, Cause No. 2007–3856....

*Id.* Ex. C at 2.

The Agreement was signed by Plaintiffs and Plaintiffs' attorney, witnessed, and notarized. *Id.* at 3.

The receipt by Defendant of a settlement agreement between Plaintiffs and the nondiverse defendant, which the Plaintiffs signed and had notarized, is a "voluntary act by the plaintiff which gives the defendant notice of the changed circum-

---

on this issue applies similarly to a party's due diligence in ascertaining whether all parties

remaining in a case are diverse.

stances which now support federal jurisdiction" and does not represent merely "subjective knowledge" on behalf of Defendant MVT Services. *See Addo*, 230 F.3d at 762; *S.W.S. Erectors*, 72 F.3d at 494. Upon receipt of this Settlement Agreement, Defendant MVT Services could have ascertained that the case was removable, because Plaintiffs stated their agreement to drop the only nondiverse defendant from the case. Therefore, the Court finds that this Release and Indemnifying Agreement, dated October 16, 2007, and received by Defendant MVT Services sometime before December 7, 2007 (the day it was produced back to Plaintiff through discovery), constitutes "other paper" under § 1446(b).

**2. Amount in controversy**

■ Finally, with regard to the amount in controversy, Defendant never specifically argues that it was unaware the amount in controversy exceeded $75,000 until April 28, 2008, when Plaintiff filed its First Amended Petition. However, Defendant's Notice of Removal states "[t]his case became removable when Defendant received Plaintiff's First Amended Petition deleting the non-diverse Defendant (Ahmed Egal, Deceased) and demanding Six Million dollars ($600,000,000) [sic] on April 28, 2008." Def.'s Notice of Removal 1–2. Regardless of Defendant's position on when the amount in controversy first exceeded $75,000, Defendant's receipt of Plaintiffs' attorney's October 11, 2007, Demand Letter, offering to settle the case for $750,000, is receipt of "other paper" and is sufficient for removal purposes under 28 U.S.C. § 1446(b) to establish the amount in controversy. *See Addo*, 230 F.3d at 761 (5th Cir.2000) (receipt of a post-complaint let-

ter, when not plainly a sham, is sufficient "other paper" to demonstrate amount in controversy for removal under § 1446(b)).

Because Defendant did not remove the instant case until May 23, 2008, more than five months after it received notice of the amount in controversy as well as the nonsuit of all nondiverse defendants, its Notice of Removal is untimely.[6]

## III. CONCLUSION

Defendant removed the instant case more than thirty days after receiving "other paper from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. § 1446(b). Therefore, Defendant's removal is untimely. Accordingly, Plaintiff's Motion (**Doc. No. 6**) is hereby **GRANTED** and the instant case is **REMANDED** to the 171st Judicial District Court, El Paso County, Texas.

Plaintiff's request for attorneys' fees is **DENIED.**

**THE CLERK SHALL CLOSE THE CASE**

**SO ORDERED.**

---

6. Because the Court rules in favor of Plaintiffs on the untimeliness of Defendant's removal, the Court will not address Plaintiffs' second argument, i.e. whether jurisdiction is barred because Defendant is allegedly a "non-subscriber" to the Texas Worker's Compensation system. *See* Pls.' Mot. 4–5.